1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11   MARK RONALD PRAY,                 )
                                       )
12              Petitioner,            )        3: 03-cv-00608-JCM-VPC
                                       )
13   vs.                               )
                                       )        **ORDER**
14   CRAIG FARWELL, *et al.,*          )
                                       )
15              Respondents.           )
     _____/

16

17          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

18   petitioner, a state prisoner, is represented by counsel.  Pending before the court is respondents'

19   motion to dismiss.  (Docket #61.)

20                              **PROCEDURAL HISTORY**

21          Following a jury trial in the Eighth Judicial District Court, petitioner was convicted

22   on February 16, 1996, of first degree murder with use of a deadly weapon.  Exhibits 21 and 23.[1]  The

23   penalty phase commenced on February 21, 1996, and the jury returned a verdict of life with the

24   possibility of parole.  Exhibits 24 and 26.

25          Petitioner filed a motion for a new trial.  Exhibit 27.   The court denied the motion on

26   _____

          [1]Unless otherwise indicated, the exhibits cited herein may be found at Docket Nos. 18 - 21.

April 11, 1996.  Exhibits 29 and 33.  The court sentenced petitioner to life with the possibility of parole, with a consecutive sentence of life with the possibility of parole for the use of a deadly weapon.  Exhibit 29.  The judgment of conviction was entered on April 25, 1996.  Exhibit 32.

Petitioner filed a direct appeal.  Exhibit 30.  The Nevada Supreme Court affirmed the conviction on May 19, 1998.  Exhibit 40;  *Pray v. State*, 114 Nev. 455, 959 P.2d 530 (1998) (*per curiam*).  Remittitur issued on June 9, 1998.  Exhibit 41.

On August 3, 1998, petitioner filed a post-conviction petition for writ of habeas corpus in the state district court.  Exhibit 42.   On April 30, 1999, the court held a hearing on the petition.  Exhibit 49.  The court found insufficient information and allegations in the petition to justify an evidentiary hearing.  *Id.*  The court presented its findings and denied the petition, issuing a written denial on June 2, 1999.  *Id.*, exhibit 50.

Petitioner appealed.  Exhibit 51.  On July 7, 2000, the Nevada Supreme Court affirmed the dismissal in part and remanded the matter to the state district court to conduct an evidentiary hearing on petitioner's claim that members of the jury interacted with the state's investigator and the victim's family during the trial.  Exhibit 57.  The Nevada Supreme Court denied petitioner's petition for rehearing, and remittitur issued on September 15, 2000.  Exhibits 59 and 60.

The state district court held an evidentiary hearing on May 25, 2001.  Exhibit 62.  On June 7, 2002, the court found, based on the testimony and affidavits of the jurors, that there appeared to be no misconduct by the jurors and no private communication between the victim's family members and the jurors.  Exhibit 1.  On June 21, 2002, the court issued a written order denying the petition.  Exhibit 66.

Petitioner appealed.  Exhibit 69.  On August 20, 2003, the Nevada Supreme Court upheld the denial of petitioner's state habeas petition.  Exhibit 74.  Remittitur issued on September 16, 2003.  Exhibit 76.

Petitioner mailed his *pro se* federal petition for writ of habeas corpus to this court on November 5, 2003.  (Docket #6.)  The court granted petitioner's motion for appointment of counsel

1   and on December 21, 2004, petitioner filed his first amended petition.  (Docket #16.)

2              Respondents moved to dismiss the first amended petition.  (Docket #31.)  On March

3   22, 2006, this court granted respondents' motion in part.  Docket #48.  The court found that grounds

4   2, 6(D), 6(F), and 6 (G)(2) were unexhausted.  *Id*.   The court further held that respondents could file

5   a new motion to dismiss on the basis of procedural default if the court again ordered a response to

6   the claims remaining before the court.  *Id*.   Petitioner voluntarily chose to return to state court to

7   exhaust his unexhausted claims.  (Docket #50.)  Petitioner also moved for stay and abeyance, which

8   this court granted.  (Docket #51.)

9              On September 1, 2006, petitioner filed his second state habeas petition.  Exhibit 78.

10  The state moved to dismiss the petition.  Exhibit 80.  On November 29, 2006, the state district court

11  issued written findings denying the petition.  Exhibit 82.   The court found that the petition was time

12  barred pursuant to NRS 34.726, successive pursuant to NRS 34.810, and barred by the doctrine of

13  laches pursuant to NRS 34.800.  *Id*.  The court further found that petitioner failed to demonstrate

14  actual cause or substantial prejudice to overcome the procedural bars.  *Id.*

15             Petitioner appealed.  Exhibit 84.  The Nevada Supreme Court affirmed the denial of

16  petitioner's second state habeas corpus petition on May 16, 2008.  Exhibit 88.  Remittitur issued

17  June 10, 2008.  Exhibit 89.

18             Petitioner moved to reopen the federal case before this court on July 16, 2008.

19  (Docket #52.)   The court granted petitioner's motion and on January 13, 2009,  petitioner filed his

20  second amended petition for writ of habeas corpus.  (Docket #56.)   On May 1, 2009, respondents

21  filed the present motion to dismiss, claiming that the second amended petition is a mixed petition,

22  and that many of the claims are time-barred or procedurally barred.  (Docket #61.)

23                                      **LEGAL STANDARDS**

24             The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

25  2254(d), provides the legal standard for the Court's consideration of this habeas petition:

26                      An application for a writ of habeas corpus on behalf of a
                        person in custody pursuant to the judgment of a State court shall not be

3

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th

4

1    Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

2          Moreover, "a determination of a factual issue made by a state court shall be presumed

3    to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

4    by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

5                                        **DISCUSSION**

6    **Relation Back**

7          Respondents move to dismiss grounds 1(A), 2, 4, 6(D), 6(F), and 6(G)(2) of the

8    second amended petition, contending that these grounds are untimely because they do not relate back

9    to the original petition.  Petitioner disputes this contention.

10         The AEDPA amended the statutes controlling federal habeas corpus practice to

11   include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect

12   to the statute of limitations, the habeas corpus statute provides:

13               (d)(1) A 1-year period of limitation shall apply to an application
                 for a writ of habeas corpus by a person in custody pursuant to the
14               judgment of a State court.  The limitation period shall run from
                 the latest of–
15
                     (A) the date on which the judgment became final by the
16                   conclusion of direct review or the expiration of the time
                     for seeking such review;
17
                     (B) the date on which the impediment to filing an
18                   application created by State action in violation of the
                     Constitution or laws of the United States is removed, if the
19                   applicant was prevented from filing by such State action;

20                   (C) the date on which the constitutional right asserted was
                     initially recognized by the Supreme Court, if the right has
21                   been newly recognized by the Supreme Court and made
                     retroactively applicable to cases on collateral review; or
22
                     (D) the date on which the factual predicate of the claim or
23                   claims presented could have been discovered through the
                     exercise of due diligence.
24
                 (2) The time during which a properly filed application for State
25               post-conviction or other collateral review with respect to the
                 pertinent judgment or claim is pending shall not be counted
26               toward any period of limitations under this subsection.

                                              5

1   28 U.S.C. § 2244(d).

2   Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the

3   original pleading only if "the amendment asserts a claim or defense that arose out of the conduct,

4   transaction or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ.

5   P. 15(c)(1)(B). An amended habeas petition only relates back if the amended claims are tied to the

6   "same core of operative facts" as alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664

7   (2005). An amended petition "does not relate back (and thereby escape AEDPA's one-year time

8   limit) when it asserts a new ground for relief supported by facts that differ in both time and type from

9   those the original pleading set forth." *Id*. at 650.

10   In *Mayle*, the petitioner originally raised only a Confrontation Clause claim in his

11   habeas petition, based on the admission of video-taped prosecution witness testimony. 545 U.S. at

12   648-49. After the one-year AEDPA statute of limitations had passed, petitioner sought to amend his

13   habeas petition to allege a Fifth Amendment claim based on coercive police tactics used to obtain

14   damaging statements from him. *Id.* The factual basis for each claim was distinct. Petitioner argued

15   that his amended claim related back to the date of his original habeas petition because the new claim

16   arose out of the same trial, conviction or sentence. *Id.* at 659-661. In rejecting petitioner's argument

17   the Supreme Court held that if "claims asserted after the one-year period could be revived simply

18   because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's

19   limitation period would have slim significance." *Id.* at 662.

20   In the present case, respondents state correctly that petitioner filed his second

21   amended petition on January 13, 2009, nearly four years after the state of limitations period under the

22   AEDPA expired. Thus, in order to be timely, the claims asserted in the second amended petition

23   must relate back to a timely filed petition.

24   In opposition to respondents' motion to dismiss, petitioner contends that grounds

25   1(A), 2, 4, 6(D), 6(F), and 6(G)(2) are timely filed, raising two arguments. Petitioner first asserts

26   that it is the first amended petition, filed on December 21, 2004, after the appointment of counsel,

6

1   that is the relevant controlling document in this case, not the original *pro se* petition.  Petitioner

2   states that the claims asserted in the second amended petition, filed upon petitioner's return from

3   state court, are identical to those raised in the first amended petition.  Describing the second

4   amended petition as the "reopened" first amended petition, petitioner argues that the relevant time

5   period is approximately 15 months between the filing of the first and second amended petitions, not

6   the "nearly four years after the statute of limitations period under the AEDPA expired," as described

7   by respondents.

8           Second, petitioner contends that he is entitled to equitable tolling of the one-year

9   statute of limitations under § 2244(d), because *Mayle v. Felix* was not decided until after the filing of

10  the first amended petition.    He claims that he is thus entitled to equitable tolling of the statute from

11  December 3, 2003, when the court received his filing fee, until December 21, 2004, when he filed his

12  first amended petition.  He argues that the grounds for relief raised in the first amended petition

13  would have been timely filed under then-existing Ninth Circuit authority as set forth in *Felix v.*

14  *Mayle*, 379 F.3d 612, 615 (9th Cir. 2004) (holding that amendments to pro se petitions filed under the

15  AEDPA related back to the date of the filing of the pro se federal petition if they arose of the "same

16  transaction as [the petitioner's] trial and conviction in state court").

17          Petitioner argues that it would be inequitable to retroactively apply the Supreme

18  Court's decision in *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562 (2005) to him.  In *Mayle*, the

19  Supreme Court reversed  Ninth Circuit precedent and held  that an amended habeas petition only

20  relates back if the amended claims are tied to the "same core of operative facts" as alleged in the

21  original petition, would be inequitable.  He claims that he reasonably and in good faith relied on the

22  law that existed at the time of the filing of his *pro se* federal petition, under which there was no

23  urgency to submit his amended petition within the one-year statute of limitations.  He concludes

24  under this equitable argument that his first amended petition was timely filed.

25          Petitioner's equitable argument that *Mayle* should not be applied to him retroactively

26  is unpersuasive.  A similar argument addressed and rejected by the Ninth Circuit in *Gray v. First*

7

*Winthrop Corp.*, 989 F.2d 1564, 1571-72 (9th Cir. 1993), in which it held:

> *Beam* stands for the proposition that once the Supreme Court has announced a new rule and applied it to the parties before the Court, that new rule must be applied by the courts retroactively to all pending cases not barred by procedural requirements or res judicata. 501 U.S. at ----, 111 S.Ct. at 2448. The *Beam* Court rejected the possibility that courts could switch legal rules on and off by applying new rules on a selectively prospective basis; courts cannot "apply a new rule in the case in which it is pronounced, [but] then return to the old one with respect to all others arising on facts predating the pronouncement." Id. at ----, 111 S.Ct. at 2444.

The decision in *Mayle* was applied by the Supreme Court to the parties in that case. Thus, its retroactive application is proper here. Accordingly, this court concludes that the first amended petition was not timely filed. Thus, if the claims in the second amended petition are to be considered timely, they must relate back to the claims in the original *pro se* petition.

Ground 1(A)

      In ground 1(A), petitioner contends that the prosecutor committed misconduct by improperly appealing to the emotions of the victim's family. (Docket #56, p. 10.) Specifically, petitioner alleges misconduct when the State objected to exclusion of the victim's mother from the courtroom, stating that she would testify regarding a picture of the victim. The State's argument was that "whether or not she testifies to anything else, it's clear that we would want her to testify as to a picture of the victim in this case and for all the impact that comes with it, unstated or not." Petitioner claims that argument, "indicate[s] the clearly improper purpose for the presence of the victim's motion in the courtroom." The court denied the defense motion to exclude the victim's mother from the courtroom. The State instead called the victim's father, and through him introduced the photograph of the decedent over the objection of the defense.

      Respondents argue that ground 1(A) is based on different facts from ground 1 one in the original petition. While acknowledging that petitioner raised a claim of prosecutorial misconduct in ground 2 of the original petition, respondents argue that this claim was not based on the exclusionary rule, on the victim's mother remaining in the courtroom, or on the victim's father's testimony regarding the photographs.

      In response, petitioner contends that the claims raised in the second amended petition

1   are premised on the same core of operative facts as the claims raised in the original petition.

2   Petitioner argues that in ground 2 of the original petition, he claimed that the "overall conduct of the

3   prosecutor accumulated to deny petitioner a fair trial and due process of law.  During the course of

4   the trial, the prosecutor repeatedly engaged in improper behavior and tactics that were allowed by the

5   trial court."  He also notes that in ground 9 of the original petition, he noted the presence of the

6   "members of the Ghiglione family who had been present in the courtroom throughout the

7   proceedings."  Finally, petitioner argues that he attached to the original petition the Nevada Supreme

8   Court's opinion in which the court denied on the merits his claim that "the district court erred in

9   allowing Ghiglione's mother to sit through the trial in violation of the exclusionary rule."  Exhibit

10  40, p.3.

11      The court must agree with respondents that ground 9 of the original petition in which

12  petitioner questioned the impartiality of the jury with regard to their observance of the Ghiglione

13  family, is a claim differing in time and type from petitioner's present claim of prosecutorial

14  misconduct.  In connection with his argument that he attached a copy of the Nevada Supreme

15  Court's opinion to his original petition, petitioner cites two cases which discussed the effect of

16  inclusion of documents in an appendix for purposes of exhaustion.  *See Scott v. Schriro*, 567 F.3d

17  573, 582 (9th Cir. 2009); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668-69 (9th Cir. 2005).  What

18  petitioner does not provide to this court is a citation to any authority supporting the proposition that

19  by attaching a copy of a state court decision to a petition for writ of habeas corpus, a petitioner

20  automatically raises all issues addressed in that opinion, regardless of whether they are set forth in

21  his petition.  Without such authority, the court will not construe Rule 10(c), Federal Rules of Civil

22  Procedure, to cover this situation.[2]

23      The court finds, however, the specific claim of prosecutorial misconduct raised in

24  ground 1(c) of the second amended petition is based on the same core facts as general claim of

25  _____

26      [2]The court rejects petitioner's argument regarding the attachment of the Nevada Supreme Court's opinion to his original petition as to all the claims addressed in respondents' motion to dismiss.

9

1   prosecutorial misconduct raised in ground 2 of the original petition.  Here, both the original and

2   amended claims arise from prosecutorial misconduct during the course of trial.  Each claim is of the

3   same type and respondents were provided with the notice that Rule 15(c) was intended to provide.

4   *See Valdovinos v. McGrath*, 598 F.3d 568, 575 (holding that revised *Brady* claim related back to

5   original claim where both concerned exculpatory evidence and amended claim added two additional

6   items which prosecutor failed to disclose).

7           Accordingly, the court concludes that ground 1(C)  of the second amended petition

8   relates back to the original petition.  Ground 1(C) is therefore timely and respondents' motion to

9   dismiss it as time barred will be denied.

10   Ground 2

11           In ground 2 of the second amended petition, petitioner contends that the trial court

12   erred in denying his motion for a new trial and that he was therefore denied his right to a fair trial

13   under the Sixth and Fourteenth Amendments.  Petitioner claims that the trial court applied the wrong

14   standard in evaluating the determination of the jury, applying a sufficiency of the evidence test rather

15   than a totality of the evidence test.  Petitioner also claims that no evidence of premeditation or

16   deliberation existed to support his conviction of first degree murder.

17           Respondents contend that this ground for relief does not relate back, claiming that the

18   original petition contains no allegation that the trial court erred in denying petitioner's motion for a

19   new trial.  In response, petitioner cites sentences from ground one of the original petition in which he

20   argued that there was insufficient evidence presented to support the conviction of first degree

21   murder.  He argues that ground 2 of the present petition is based on the same operative facts as the

22   original petition.

23           In their reply, respondents argue that the factual allegations listed by petitioner –

24   insufficient evidence presented to support a conviction of first degree murder, the requirement of

25   premeditation and deliberation, and nothing to suggest that petitioner acted with malice – all go to

26   evidence allegedly adduced at trial.  Ground two of the second amended petition addresses the denial

1   of a motion for a new trial, an action taken after trial.  The court must agree with respondents that the

2   actions challenged in ground two differ in time and type from those challenged in ground one of the

3   original petition.  Accordingly, the court finds that ground two of the second amended petition does

4   not relate back to the original petition, and is therefore untimely.  Respondents' motion to dismiss

5   will be granted as to ground two.

6   <u>Ground 4</u>

7          In ground 4 of the second amended petition, petitioner contends that the

8   premeditation instruction given during trial, instruction no. 11,  improperly minimized the State's

9   burden of proof and that he was therefore denied his right to due process.  Respondents contend that

10   ground four is based on different facts from those in the original petition, and therefore does not

11   relate back under *Mayle*.   Respondents note that in ground three of the original petition, petitioner

12   challenged instruction no. 7, the instruction on implied malice.

13          In response, petitioner argues only that respondents were given notice of ground 4

14   through the attachment of the Nevada Supreme Court's opinion to the original petition.  The court

15   has rejected this argument above.  Accordingly, the court finds that ground 4 of the second amended

16   petition does not relate back and is untimely.  Respondents' motion to dismiss will be granted as to

17   ground 4.

18   <u>Ground 6(D)</u>

19          In ground 6(D), petitioner contends that trial counsel was ineffective for failing to

20   utilize the services of an expert witness at trial, concerning the effects of methamphetamine

21   intoxication.  Petitioner claims that an expert could have explained that drug usage might clarify

22   petitioner's bizarre actions and could have testified as to the competence of a person under the

23   influence of methamphetamine.  Respondents claim that at no point in the original petition does

24   petition claim that counsel was ineffective for failing to utilize an expert witness. Respondents argue

25   that claims of ineffective assistance of counsel are fact specific, citing *Carriger v. Lewis*, 971 F.2d

26   329, 333-34 (9th Cir. 1992).  In *Carriger*, the Ninth Circuit held that specific claims of ineffective

1   assistance not raised on direct appeal were procedurally defaulted. *Id*.  Respondents thus conclude

2   that ground 6(D) does not relate back to the original petition.

3          Petitioner argues that in ground four of his original petition, he alleged facts in

4   support of his ineffective assistance claim that "counsel failed to investigate and discover the

5   existence of witnesses . . .  to present to disprove that Pray had acted with deliberation or malice

6   due to counsel's failures."  The court finds that the claims in ground 6(D) of the second amended

7   petition are based on the same core of operative facts as those in ground 4 of the original petition,

8   and that ground 6(D) therefore relates back to the original petition.

9   Ground 6(F)

10          In ground 6(F)  of the second amended petition, petitioner contends that, "[t]rial

11   counsel failed to utilize a crime scene analyst or to cross-examine the state's witnesses in order to

12   establish that the gunshot would suffered by Mr. Ghiglione was consistent with a driver with his

13   hand out the window of the truck as it would be if he were holding a gun."  Petitioner also notes the

14   existence of corroborating witnesses.  Respondents argue that this claim does not relate back to the

15   original petition, again arguing that claims of ineffective assistance of counsel are fact specific, citing

16   *Carriger v. Lewis*, 971 F.2d at 333-34.

17          In response, petitioner argues that he previously raised the claims in ground 6 (F) in

18   ground 4 of the original petition.   The court has reviewed ground 4, which alleges ineffective

19   assistance of counsel.  Ground 4 does not contain a claim based on failure to utilize a crime scene

20   analyst or on failing to cross-examine the state's witnesses concerning the nature of the gunshot

21   wound suffered by the victim.  Petitioner does claim in ground 4(4) that "[c]ounsel's investigation

22   towards the showing of a lack of premeditation and malice was necessary in Pray's case, with

23   counsel's failure to investigate and discover the said available witnesses causing Pray to be convicted

24   of first degree murder wherein Pray was convicted because defense had no witnesses or evidence to

25   disprove that Pray had acted with deliberation or malice due to counsel's failures."  But petitioner

26   argues in ground 6(F) that testimony by a crime scene analyst would have supported his testimony

1   that the driver of the other vehicle was aiming something at him that he thought was a gun.  This

2   does not fall within petitioner's argument in ground 4(4) that further investigation would have shown

3   a lack of premeditation.  On the contrary, such testimony may have actually supported a finding of

4   malice and premeditation.   Further, petitioner's claim in ground 6(F) regarding failure to cross-

5   examine state's witnesses is different in time and type from a claim that counsel failed to conduct an

6   adequate investigation.  Accordingly, the court finds that ground 6(F) of the second amended petition

7   does not relate back to the original petition and is untimely.  Respondents' motion to dismiss will be

8   granted as to ground 6(F).

9   **Exhaustion**

10          Respondents move to dismiss grounds 2, 6(D), 6(F), and 6(G)(2) of the second

11   amended petition as unexhausted.   As set forth above, respondents moved to dismiss the first

12   amended petition.  Docket #31.  This court granted that motion in part, finding that grounds 2, 6(D),

13   6(F), and 6(G)(2) were unexhausted.  Docket #48.  Petitioner returned to state court to exhaust these

14   claims, and on November 29, 2006, the state district court issued written findings denying the

15   petition.  Exhibit 82.   The court found that the petition was time barred pursuant to NRS 34.726,

16   successive pursuant to NRS 34.810, and barred by the doctrine of laches pursuant to NRS 34.800.

17   *Id*.  The court further found that petition failed to demonstrate actual cause or substantial prejudice to

18   overcome the procedural bars. *Id.*   Petitioner appealed and the Nevada Supreme Court affirmed the

19   denial of petitioner's second state habeas corpus petition on May 16, 2008.  Exhibit 88.

20          Respondents now contend that grounds 2, 6(D), 6(F) and 6(G)(2) remain

21   unexhausted, arguing that the Nevada Supreme Court never had the opportunity to address the merits

22   of the claims.  The court rejects this argument.

23          The exhaustion doctrine provides the state court system with the opportunity to decide

24   the merits of a claim in the first instance. *See, Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct.

25   2546, 2554-55 (1991);  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); *Buffalo v.*

26   *Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).  Once the state court either rejects the claim on the merits

1  or demonstrates that there is no available means of reaching the merits, the exhaustion requirement is

2  satisfied. The exhaustion doctrine, however, imposes no requirement that a claim be reviewed on the

3  merits in order to obtain federal review.  Comity requires only that the highest state court be granted

4  the first opportunity to review federal constitutional claims.

5         To state the obvious, an appellant necessarily addresses the underlying decision of the

6  lower court.  Because in this instance the state district court dismissed the petition on procedural

7  grounds, petitioner necessarily addressed those grounds for dismissal in his appeal.  Had the Nevada

8  Supreme Court reversed the state district court's decision dismissing the petition on procedural

9  grounds, petitioner could have subsequently obtained a decision on the merits of his claims.  The

10  Nevada Supreme Court did not do so, however, so no opportunity for petitioner to present the merits

11  of his claims to that court arose.  This court finds that petitioner did all he could to present his claims

12  to the Nevada Supreme Court and that  grounds 2, 6(D), 6(F), and 6(G)(2) of the second amended

13  petition are exhausted.   Respondents' motion to dismiss these grounds as unexhausted will be

14  denied.

15  **Procedural Bar**

16         In their motion to dismiss the first amended petition, respondents contended that

17  ground 1 of the petition should be dismissed on the basis of procedural default.  In ruling on the

18  motion to dismiss, this court deferred consideration of any procedural default issues until it had acted

19  on petitioner's request for dismissal or other relief on the claims found to be unexhausted.  Docket

20  #48.  When the court reopened this case upon petitioner's return from state court, it ordered

21  petitioner to file an amended petition and ordered respondents to file a response to that amended

22  petition.  Docket #54.   The court held that respondents' response could include reassertion of the

23  procedural default issues.  (*Id.*)

24         Respondents now reassert their contention that ground 1 of  the petition is

25  procedurally barred.  They also contend that grounds 2, 6(D), 6(F), and 6(G)(2) of the second

26  amended petition are procedurally barred.

1    "Procedural default" refers to the situation where a petitioner in fact presented a claim

2    to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the

3    merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state

4    court regarding that claim rested on a state law ground that is independent of the federal question and

5    adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).   The

6    burden of demonstrating the adequacy of a state procedural bar is on the state.  *Hill v. Roe*, 321 F.3d

7    787, 790 (9th Cir. 2003).

8    The *Coleman* Court stated the effect of a procedural default, as follows:

9    In all cases in which a state prisoner has defaulted his federal claims in
     state court pursuant to an independent and adequate state procedural
10   rule, federal habeas review of the claims is barred unless the prisoner
     can demonstrate cause for the default and actual prejudice as a result of
11   the alleged violation of federal law, or demonstrate that failure to
     consider the claims will result in a fundamental miscarriage of justice.
12

13   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).  The procedural

14   default doctrine ensures that the state's interest in correcting its own mistakes is respected in all

15   federal habeas cases.  *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

16   To demonstrate cause to overcome a procedural default, the petitioner must be able to

17   "show that some *objective factor external to the defense* impeded" his efforts to comply with the

18   state procedural rule.  *Murray*, 477 U.S. at 488 (emphasis added).  For cause to exist, the external

19   impediment must have prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499

20   U.S. 467, 497 (1991).

21   With respect to the prejudice prong of cause and prejudice, the petitioner bears:
     the burden of showing not merely that the errors [complained of]
22   constituted a possibility of prejudice, but that they worked to his actual
     and substantial disadvantage, infecting his entire [proceeding] with
23   errors of constitutional dimension.

24
     *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170
25
     (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner
26
     suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

15

1    528, 530 n.3 (9th Cir. 1988).

2          In addition, a petitioner can avoid the application of the procedural default doctrine by

3    demonstrating that the federal court's failure to consider his claims will result in a fundamental

4    miscarriage of justice.  To prove a "fundamental miscarriage of justice," petitioner must show that

5    the constitutional error of which he complains "has probably resulted in the conviction of one who is

6    actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v. Carrier*,

7    477 U.S. at 496).

8    Ground 1

9          In ground 1, petitioner presents four claims alleging prosecutorial misconduct.

10   Petitioner presented these claims to the Nevada Supreme Court on direct appeal, at which time the

11   court deemed them waived for failure to object at trial, stating as follows:

12          Fourth, Pray contends that his conviction should be overturned because of
            prosecutorial misconduct.  We have long held that the failure to make timely
13          objections and to seek corrective instructions during trial waives the appellant's right
            to raise the issues during appeal.  See, e.g., Parker v. State, 109 Nev. 383, 391, 849
14          P.2d 1062, 1067 (1993); Dearman v. State, 93 Nev. 364, 368, 566 P.2d 407, 409
            (1977) (holding that '[i]t is well established that improper remarks made by the
15          prosecutor in closing argument will not be considered on appeal if not objected to at
            the time of trial').  Here, Pray objected to none of the alleged instances of misconduct
16          at trial.  Moreover, Pray does not show that the district court committed plain error,
            nor does he raise contentions of constitutional dimension.  See, e.g., Williams v.
17          State, 113 Nev. 1008, 945 P.2d 438 (1997).  Therefore, we will not consider this issue
            on appeal.
18
19   Exhibit 40, p. 5.  Respondents argue that the Nevada Supreme Court expressly relied on Nevada's

20   contemporaneous objection rule in finding the claim of prosecutorial misconduct waived, and that the

21   rule is an independent state law basis sufficient to bar the claims of prosecutorial misconduct

22   appearing in ground 1.  *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003) ("a state

23   procedural bar is 'independent' if the state court explicitly invokes the procedural rules as a separate

24   basis for its decision") (citing *McKenna v. McDaniel*, 65 F.3d 1483, 1489 (9th Cir. 1995)).

25         In addition to the requirement that a state procedural rule be independent of federal

26   law, a federal court may only impose a procedural bar on claims if the procedural rule that the state
     used to deny relief is "firmly established and regularly followed." *O'Dell v. Thompson*, 502 U.S. 995,

16

998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and O'Connor respecting the denial of certiorari); *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857 (1991); *James v. Kentucky*, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984). The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default. *Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997); *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 112, 129 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1569.

In the present case, respondents argue that the contemporaneous objection rule has a long history of application under Nevada common law. *See Parker v. State*, 109 Nev. 383, 391, 849 P.2d 1062, 1067 (1993); *Dearman v. State*, 93 Nev. 364, 368, 566 P.2d 407, 409 (1977). They thus conclude that the contemporaneous objection rule is "firmly established and regularly followed" and thus an adequate state law ground to support procedural bar.

In response, petitioner argues that the contemporaneous objection rule was not a well-established state procedural rule at the time of petitioner's purported default such as would be adequate to support a finding of procedural default. Petitioner cites three cases in which the Nevada Supreme Court held that despite the existence of the contemporaneous objection rule, it had discretion to address plain error which affected the defendant's substantial rights. *See McGuire v.* State, 677 P.2d 1060 (Nev. 1984); *Herman v. State*, 128 P.3d 469, 474 (Nev. 2006); *Gaxiola v. State*, 119 P.3d 1225, 1232 (Nev. 2005); *Gallego v. State*, 23 P.3d 227, 239 (Nev. 2001). Petitioner argues that the contemporaneous objection rule is thus not consistently applied and therefore not "adequate" to support procedural default. He concludes that ground 1 is not procedurally barred from review by this court.

A state's procedural rule is adequate if it is clear, consistently applied, and well-established at the time of the purported default. *Calderon v. U.S. District Court for Eastern Dist. of California, (Bean)*, 96 F.3d at 1126, 1129 (9th Cir. 1996.) The question is thus whether the procedural default was consistently applied at the time the petitioner violated the requirement. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). In the present case, the default occurred during

1   petitioner's trial in February of 1996.  Petitioner has cited one case, *McGuire*, which predates

2   petitioner's trial.  This court finds that the fact that the Nevada Supreme Court excused particular

3   procedural defaults by applying the plain error doctrine under certain specific criteria does not

4   indicate that the contemporaneous objection rule was not consistently applied.   As respondents argue,

5   to be adequate, a procedural rule must be applied in the vast majority of cases.  *Shumway v. Payne*,

6   223 F.3d 892, 898 (9th Cir. 2000).  Here, petitioner has cited one case predating petitioner's trial in

7   which the Nevada Supreme Court applied the plain error rule to a claim defaulted under the

8   contemporaneous objection rule.  In their reply, respondents have cited ten cases from the same time

9   period in which the court enforced the contemporaneous objection rule.  Further, petitioner cites no

10  authority for the proposition that the existence of an exception to a rule necessarily means that the rule

11  is not consistently applied.  Accordingly, the court finds that respondents have met their burden of

12  demonstrating that the Nevada contemporaneous objection rule is independent and adequate so as to

13  support a finding that petitioner has procedurally defaulted his claims set forth in ground 1.  Thus,

14  absent a showing of cause and prejudice by petitioner, this court will not review ground 1.

15  Grounds 2, 6(D), 6(F), and 6(G)(2)

16          Respondents contend  that grounds 2, 6(D), 6(F), and 6(G)(2) are procedurally barred

17  and should therefore be dismissed.   They argue correctly that the Nevada Supreme Court dismissed

18  petitioner's second state habeas petition as untimely pursuant to Nev. Rev. Stat. 34.726, as a

19  successive petition pursuant to Nev. Rev. Stat. 34.810, and as barred by the doctrine of laches

20  pursuant to Nev. Rev. Stat. 34.8000(2).

21          In response, petitioner argues that before a procedural default can be imposed to bar

22  consideration of a claim, it must be determined whether the applicable procedural rule at issue was

23  actually violated.  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991).  Petitioner

24  contends that no procedural default occurred in relationship to grounds 2 or 6(G)(2).

25          Petitioner argues that the Nevada Supreme Court dismissed grounds 2 and 6(G)(2) on

26  the basis of law of the case, thus these grounds were not procedurally defaulted.  Petitioner relies on

1  *Cone v. Bell*, __U.S. __, 129 S.Ct. 1769, 1781 (2009), in which the court explained: "When a state

2  court refuses to readjudicate a claim on the ground that it has been previously determined, the court's

3  decision does not indicate that the claim has been procedurally defaulted. To the contrary, it provides

4  strong evidence that the claim has already been given full consideration by the state courts and thus is

5  ripe for federal adjudication."

6          As respondents correctly argue, the Nevada Supreme Court first found that petitioner's

7  second state habeas corpus petition was untimely and successive.  The court's discussion of law of the

8  case came within the context of reviewing whether petitioner had shown cause and prejudice to

9  overcome those procedural bars.  Thus, petitioner's claim that a finding of law of the case dictates

10 that procedural default does not bar review grounds 2 and 6(G)(2) is meritless.

11         Petitioner also contends that respondents should be estopped from arguing procedural

12 default as to grounds 2, 6(D), 6(F), and 6(G)(2).  Petitioner relies on *Russell v. Rolfs*, 893 F.2d 1033,

13 1038-39 (9th Cir. 1990), in which the Ninth Circuit held that after the state had convinced the federal

14 court to dismiss unexhausted claims on the ground that the petitioner had an adequate and available

15 remedy, the state could not subsequently argue that the claims were procedurally barred.  Petitioner

16 claims that by arguing in their first motion to dismiss that petitioner had failed to exhaust state

17 remedies, respondents  necessarily indicated that there were available and adequate remedies in state

18 court.  Petitioner argues that under *Russell*, respondents may not now argue that the claims raised in

19 state court are procedurally barred.

20         Tellingly, petitioner does not claim the respondents actually argued in their first

21 motion to dismiss that there was an adequate remedy for his unexhausted claims in state court.  The

22 present case is readily distinguishable from *Russell* on that basis.  As respondents argue, the present

23 case is more similar to *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998), in which the Ninth Circuit

24 refused to apply *Russell* where state had never claimed that the petitioner had an adequate remedy in

25 state court.  Thus, this court concludes that respondents are not now estopped from arguing that

26 grounds 2, 6(D), 6(F), and 6(G)(2) are procedurally barred.

1    In affirming the decision of the district court dismissing petitioner's second state

2    habeas corpus petition, the Nevada Supreme Court cited NRS 34.810(1)(b)(2).  The Ninth Circuit

3    Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue

4    in this case -- NRS 34.810 -- is an independent and adequate state ground.[3]  *Vang v. Nevada*, 329 F.3d

5    1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).  It

6    has similarly held that the timeliness bar applied in this case - - NRS 34.726 - - is an independent and

7    adequate state ground for finding procedural default.  *Loveland v. Hatcher*, 231 F.3d 640, 642 (9th Cir.

8    2000).    This court therefore concludes that  grounds 2, 6(D), 6(F), and 6(G)(2) are procedurally

9    defaulted.  Absent a showing of cause and prejudice, the court will not review these grounds for

10   relief.

11           Petitioner contends that he can show cause and prejudice to overcome any procedural

12   bar found by this court.   First, he contends that he was subjected to ineffective assistance of counsel,

13   arguing that his trial counsel's failures outlined in the second amended petition have substantially

14   disadvantaged him.

15

16           [3] NRS 34.810 provides in part as follows:

17           1. The court shall dismiss a petition if the court determines that:

18           (a) The petitioner's conviction was upon a plea of guilty or guilty but mentally ill and the
             petition is not based upon an allegation that the plea was involuntarily or unknowingly
19           entered or that the plea was entered without effective assistance of counsel.

20           (b) The petitioner's conviction was the result of a trial and the grounds for the petition
             could have been:

21           (1) Presented to the trial court;

22           (2) Raised in a direct appeal or a prior petition for a writ of habeas corpus or
23           postconviction relief; or

24           (3) Raised in any other proceeding that the petitioner has taken to secure relief from his
             conviction and sentence,

25           unless the court finds both cause for the failure to present the grounds and actual
26           prejudice to the petitioner.

20

Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1966).   However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts.  *Id.*   In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

As respondents argue, petitioner fails to cite any specific claim from the second amended petition which he alleges caused the procedural default, other than a general reference to the ineffectiveness claims in the petition.  Because petitioner has not informed the court of which ineffective assistance claims he relies on to support his claim that counsel's ineffectiveness demonstrates cause, this court finds that no showing of cause has been made.   Therefore, the court rejects petitioner's claim that he can overcome the procedural bars in this case based on a showing of cause and prejudice derived from ineffective assistance of counsel.

Petitioner also contends that he can show cause and prejudice to overcome procedural default because the district attorney's office withheld evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).   The evidence related to the victim's character and propensity for violence, and petitioner asserts that a reasonable probability exists that had the information been provided before trial, the outcome of the case would have been different.   Petitioner relies on *Banks v. Dretke*, 540 U.S. 668, 124 S.Ct. 1256 (2004), in which the court analyzed whether the petitioner had made the requisite showing of cause and prejudice for his failure to develop the facts of his claim in state court proceedings, so as to entitle him to an evidentiary hearing on his *Brady* claim.  *Id*. at 690- 706.  Petitioner argues that under *Banks*, the withholding of exculpatory evidence creates a due process violation which necessarily establishes cause and prejudice to excuse the procedural default.

The court must agree with respondents that petitioner fails to demonstrate that the alleged withholding of evidence in his case was an objective factor external to the defense which

1    impeded his efforts to raise the claims in state court.  In *Banks*, the court held that the cause and

2    prejudice analysis paralleled two of the three components of the *Brady* claim itself.  *Id*. at 691.  The

3    court found, "[c]orresponding to the second Brady component (evidence suppressed by the State), a

4    petitioner shows "cause" when the reason for his failure to develop facts in state-court proceedings

5    was the State's suppression of the relevant evidence."  *Id*.   This factor is not met in the present case,

6    because petitioner does not show that  the allegedly exculpatory evidence caused his  failure to

7    comply with state procedural requirements.  The affidavit in question existed and was filed with the

8    state district court during the first state habeas proceedings.  Exhibit 44, p. 35.  Thus there is no

9    indication that the allegedly exculpatory evidence had anything to do with petitioner's failure to

10   comply with the state  procedural bar.

11              Petitioner contends that he can establish a fundamental miscarriage of justice so as to

12   overcome any procedural bar.  To prove a "fundamental miscarriage of justice," petitioner must show

13   that the constitutional error of which he complains "has probably resulted in the conviction of one

14   who is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray v.*

15   *Carrier*, 477 U.S. at 496).   "[A]ctual innocence means factual innocence, not mere legal

16   insufficiency.   Petitioner maintains that he is actually innocent of the crimes for which he was

17   convicted, reiterating his version of the facts and his myriad claims of error.  The court has reviewed

18   these arguments and finds that petitioner has in no way demonstrated that he is actually innocent.

19              The court notes and rejects petitioner's arguments, made to preserve the issues for

20   appeal, that the procedural bars derived from NRS 34.726, 34.810, and 34.800(2) are not adequate

21   and independent so as to support a finding of procedural bar.  The adequacy of these procedural bars

22   is well-established.

23   **Evidentiary Hearing**

24              Petitioner requests an evidentiary hearing to develop and address the factual

25   allegations relevant to his opposition to respondents' motion to dismiss  An evidentiary hearing on a

26   claim is required where it is clear from the petition that:  (1) the allegations, if established, would

1  entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant

2  facts.  *See, Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an

3  evidentiary hearing is to try issues of fact, *Townsend v. Swain* 372 U.S. 293, 309 (1963)(*overruled in*

4  *part by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary

5  when only issues of law are raised.  *Id*.

6           As in the case above, petitioner does not direct the court to any particular factual

7  allegations for which an evidentiary hearing is warranted.  Because petitioner has failed to meet the

8  standard under *Hendricks* for an evidentiary hearing, his request will be denied.

9           **IT IS THEREFORE ORDERED** that respondents' motion for an extension of time

10  to file their response to petitioner's opposition to the motion to dismiss is **GRANTED** nunc pro tunc

11  to October 16, 2010.  (Docket #74.)

12           **IT IS FURTHER ORDERED** that respondents' motion for leave to file excess pages

13  in their reply is **GRANTED**.  (Docket #76.)

14           **IT IS FURTHER ORDERED** that petitioner's request for an evidentiary hearing on

15  the motion to dismiss is **DENIED.**

16           **IT IS FURTHER ORDERED** that respondents' motion to dismiss ground 1(C)  of

17  the second amended petition as time barred is **DENIED**.  (Docket #61.)

18           **IT IS FURTHER ORDERED** that respondents' motion to dismiss ground 2 of the

19  second amended petition as time barred is **GRANTED.**  (Docket #61.)

20           **IT IS FURTHER ORDERED** that respondents' motion to dismiss  ground 4

21   of the second amended petition as time barred is **GRANTED**. (Docket #61.)

22           **IT IS FURTHER ORDERED** that respondents' motion to dismiss ground 6(D) of the

23  second amended petition as time barred is **DENIED**.  (Docket #61.)

24           **IT IS FURTHER ORDERED** that respondents' motion to dismiss ground 6(F) of the

25  second amended petition as time barred is **GRANTED.**  (Docket #61.)

26           **IT IS FURTHER ORDERED** that respondents' motion to dismiss  grounds 2, 6(D),

6(F), and 6(G)(2) of the second amended petition for failure to exhaust state judicial remedies is

**DENIED.**  (Docket #61.)

        **IT IS FURTHER ORDERED** that respondents' motion to dismiss grounds 2, 6(D), 6(F), and 6(G)(2) as procedurally barred is **GRANTED.**  (Docket #61.)

        **IT IS FURTHER ORDERED** that this action shall now proceed on grounds 1, 3, 5, 6(A), 6(B), 6(C), 6(E), 6(G)(1), 6(H), 6(I), and 7.  Respondents shall file an answer within thirty (30) days of the date of service of this order.  Petitioner is granted thirty (30) days thereafter to file a reply.

        DATED this 27th day of July, 2010.

                                    _____

                                      UNITED STATES DISTRICT JUDGE